# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Raymond Joseph Traylor, | Case No. 22-cv-1266 (NEB/TNL) |
| Petitioner, | |
| v. | **ORDER** |
| Warden Pugh, | |
| Respondent. | |

Raymond Joseph Traylor, MCF–Rush City, 7600 525th St., Rush City, MN 55069, *pro se*.

Edwin William Stockmeyer, III, and Matthew Frank, Office of the Minnesota Attorney General, 445 Minnesota St., Suite 1800, St. Paul, MN 55101, and Jonathan P. Schmidt, Hennepin County Attorney's Office, 300 South 6th St., Suite C-2000, Minneapolis, MN 55487, for Respondent Warden Pugh.

This matter is before the Court on Petitioner Raymond Joseph Traylor's (1) Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1 ("Petition")]; and (2) motion requesting appointed counsel [ECF No. 6 ("Counsel Motion")]. For the reasons set forth below, the Court denies the Counsel Motion and orders Traylor to state how he wants to proceed, given that the Petition is a "mixed" petition with both "exhausted" and "unexhausted" claims.

## I. BACKGROUND

The Court received the Petition on May 9, 2022. *See* Docket. After initial review, the Court entered an order on May 17, 2022, *see* Order [ECF No. 3 ("May 2022 Order")], which summarized the Petition as follows:

> The Petition challenges Traylor's state-court conviction in *State v. Traylor*, No. 27-CR-18-12641 (Minn. Dist. Ct.). After a bench trial in 2017, a trial-court judge in that action convicted Traylor of one count each of first-degree criminal sexual conduct and second-degree criminal sexual conduct. The court later sentenced Traylor to 360 months in prison. He is presently incarcerated at the Minnesota Correctional Facility in Rush City, Minnesota.
>
> As the Court understands the Petition, it raises four grounds. Ground One asserts that Traylor was "denied the constitutional right to present a complete defense" based on certain trial rulings. Grounds Two through Four each contend that Traylor received ineffective assistance from his appellate counsel. As the Court understands the Petition, Traylor argues that his appellate counsel failed to argue that (1) Traylor's prosecutors impermissibly failed to disclose certain relevant records, (2) the trial court's rulings violated Traylor's Confrontation Clause rights, and (3) Traylor's conviction resulted from a "vindictive malicious prosecution."

*Id.* at 1–2 (citations and footnote omitted).

After noting 28 U.S.C. § 2254(b)'s exhaustion requirement—relevant because Traylor is challenging his custody "pursuant to the judgment of a state court"—the May 2022 Order discussed Traylor's related exhaustion efforts:

> From the Court's review of the Petition, it appears that Traylor suggests that he has exhausted Ground One. For Grounds Two through Four, however, it appears that Traylor may not have exhausted his state-court remedies. As best as the Court can tell, Traylor has a petition for postconviction review concerning Ground Two (and possibly Ground Three)

> pending in state court, and he reports no efforts to exhaust Ground Four. The Court thus cannot conclude that Traylor has exhausted the Petition's claims (or that some exception to the exhaustion requirement applies here).

*Id.* at 3.

The Court thus ordered Traylor to "show cause why the Court should not dismiss this matter without prejudice for failure to exhaust state-court remedies." *Id.* at 4. Traylor has since filed two documents that appear to be responses to the May 2022 Order—one received on May 25, 2022 [ECF No. 17 ("First Show-Cause Response")], and a second received on June 2, 2022 [ECF 20 ("Second Show-Cause Response")]. The Court discusses Traylor's arguments below.

## II.   ANALYSIS

### A.   Counsel Motion

The Court will address the Counsel Motion as a threshold matter. District courts may appoint habeas petitioners counsel when "'the interests of justice so require.'" *Wiseman v. Wachendorf*, 984 F.3d 649, 655 (8th Cir.) (quoting 18 U.S.C. § 3006A(a)(2)(B)), *cert. denied*, 142 S. Ct. 253 (2021); *see also, e.g.*, *Ward v. Beltz*, No. 21-CV-1515 (KMM/TNL), 2022 WL 617029, at *1 (D. Minn. Mar. 2, 2022) (citing authorities). When deciding whether to appoint counsel in a habeas action, the court "'should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors.'" *Wiseman*, 984 F.3d at 655 (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)); *see also, e.g.*, *Ward*, 2022 WL 617029, at *1 (same).

At present, this action does not appear factually or legally complex. Nor does it appear that Traylor cannot investigate this action's facts or present his arguments to the Court. In the Court's view, no other relevant factors outweigh these considerations. The Court thus concludes that the interests of justice do not require appointing Traylor counsel. The Court therefore denies the Counsel Motion.

### B. Exhaustion

The Court next addresses the Petition—and specifically, whether Traylor has "exhausted" its various grounds. The Petition invokes 28 U.S.C. § 2254, appropriate because a state prisoner "can only obtain habeas relief through § 2254, no matter how his pleadings are styled." *Crouch v. Norris,* 251 F.3d 720, 723 (8th Cir. 2001) (*citing Felker v. Turpin*, 518 U.S. 651, 662 (1996)); *see also, e.g.*, *Husten v. Schnell*, No. 21-CV-1722 (ECT/JFD), 2021 WL 5762715, at *4 (D. Minn. Nov. 3, 2021) (quoting *Crouch*), *report and recommendation adopted*, 2021 WL 5761660 (D. Minn. Dec. 3, 2021). Habeas petitioners "'in custody pursuant to the judgment of a State court'" thus must meet the "series of restrictions" imposed by § 2254. *See, e.g.*, *Amen El v. Schnell*, No. 21-CV-0156 (NEB/ECW), 2021 WL 2323209, at *2 (D. Minn. Feb. 11, 2021), *report and recommendation adopted*, 2021 WL 1827784 (D. Minn. May 7, 2021).

As noted in the May 2022 Order, these restrictions include § 2254(b)'s exhaustion requirement:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

4

> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The exhaustion requirement "reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (quoting *Rose v. Lundy*, 455 U.S. 509, 515–16 (1982) (brackets in *O'Sullivan*)); *see also, e.g.*, *Shinn v. Ramirez*, 142 S. Ct. 1718, 1732 (2022) (making same points).[1] To exhaust state-court remedies, a prisoner "must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam)); *see also, e.g.*, *Ellis v. Minnesota*, No. 18-CV-342 (NEB/TNL), 2018 WL 6520568, at *2 (D. Minn. Oct. 30, 2018), *report and recommendation adopted*, 2018 WL 6519135 (D. Minn. Dec. 10, 2018). "In Minnesota, a petitioner's claims must be presented to both the Minnesota Court of Appeals and the Minnesota Supreme Court before a federal court may entertain them." *Fisherman v. Minnesota*, No. 21-CV-735 (NEB/JFD), 2021 WL 7161829, at *4 (D. Minn.

---

[1] Courts addressing habeas petitions subject to § 2254 may consider exhaustion *sua sponte*. *See, e.g.*, *McCartney v. Vitek*, 902 F.2d 564, 567 (8th Cir. 1990) (citing *Davis v. Campbell*, 608 F.2d 317, 320 (8th Cir. 1979) (per curiam)).

Nov. 15, 2021) (citing *Baldwin*), *report and recommendation adopted*, 2022 WL 542451 (D. Minn. Feb. 23, 2022).

The May 2022 Order suggested that, while Ground One might be exhausted,[2] Grounds Two through Four might not. Nothing in the Show-Cause Responses changes the Court's mind. Nowhere in these filings does Traylor explain how he has fairly presented Grounds Two through Four to each level of the Minnesota state courts. *See generally* First Show-Cause Resp.; Second Show-Cause Resp.[3]

As shown above, § 2254(b) provides certain exceptions to the exhaustion requirement; Traylor suggests these exceptions here. *See* First Show-Cause Resp. 2–4. Just as petitioners bear the burden of establishing exhaustion, they also have the burden of showing that an exhaustion exception applies. *See, e.g.*, *Carmichael v. White*, 163 F.3d 1044, 1045 (8th Cir. 1998); *Allan v. Piper*, No. 17-CV-5131 (PJS/DTS), 2020 WL 8371194, at *6 (D. Minn. Aug. 3, 2020) (citing *Carmichael*), *report and recommendation adopted*, 2021 WL 323957 (D. Minn. Feb. 1, 2021).

The § 2254(b)(1)(B)(i) exception applies when "there is an absence of available State corrective process." Traylor briefly suggests that he faces just such an absence. *See*

---

[2] The May 2022 Order stated merely that "Traylor *suggests* that he has exhausted Ground One." May 2022 Order 3 (emphasis added). Review of the Petition and the decision in *State v. Traylor*, No. A19-1236, 2020 WL 4743510, at *1 (Minn. Ct. App. Aug. 17, 2020), *review denied* (Minn. Oct. 28, 2020), indicates that Traylor indeed exhausted his state-court remedies as to Ground One. Compare Pet. 5 *with Traylor*, 2020 WL 4743510, at *3; *see also* Appellant's Statement of the Case 2–3, *State v. Traylor*, No. A19-1236 (Minn. Ct. App. Mar. 3, 2020) (citing federal authorities); Pet. for Review of Decision of Ct. of Appeals 8–14, *State v. Traylor*, No. A19-1236 (Minn. Sept. 16, 2020) (same).

[3] To be sure, the First Show-Cause Response states that Traylor has already "raise[d] the issue of this illegal imprisonment" in state court; here he points to a "state habeas corpus petition" that purportedly argued that his imprisonment is "illegal." First Show-Cause Resp. 1. To the extent that Traylor thinks that this exhausted his state-court remedies for Grounds Two through Four, he is wrong. Almost by definition, any habeas petition claims that someone is improperly imprisoned. To have exhausted an argument for § 2254(b) purposes, a prisoner cannot simply have challenged his imprisonment in state court. Instead, the petitioner must have "fairly presented" the state courts with the specific factual and legal argument at issue.

6

*id.* at 2. Not so. The U.S. Supreme Court has clarified that § 2254(b)(1)(B)(i) applies when "there is no opportunity to obtain redress in state court." *See, e.g.*, *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (citing *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)); *Henderson v. Lockhart*, 864 F.2d 1447, 1450 (8th Cir. 1989) (quoting *Duckworth*)). Traylor does not lack opportunity to seek state-court redress: Minnesota law permits prisoners to file state-court habeas petitions as well as petitions for postconviction relief. *See, e.g.*, Minn. Stat. § 589.01 (providing for writs of habeas corpus); *id.* § 590.01 (providing for postconviction-relief petitions).

This leaves the § 2254(b)(1)(B)(ii) exception, applicable when "circumstances exist that render such process ineffective to protect the rights of the applicant." Traylor argues that this exception applies as well. *See* First Show-Cause Order 2–4. As the Court understands Traylor, his point is that his state-court trial judge is part of an "illegal conspiracy to deprive [Traylor] of [his] liberty." *Id.* at 2; *see also id.* at 2–4 (containing other conspiracy allegations).

Again, however, Traylor fails to show that the relevant exception applies. The sort of "circumstances" to which § 2254(b)(1)(B)(ii) applies exist when "the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth*, 454 U.S. at 3. On its face, Traylor fails to show that this sort of deficiency exists here: even if there were some sort of illegal conspiracy afoot involving Traylor's trial judge—the Court need not, so will not, opine on that claim—Traylor provides no reason why Minnesota's own appellate courts cannot address such claims. As a result, he has not shown that Minnesota's appellate process is "so clearly deficient as to render futile any effort to obtain relief."

In summary, Traylor has failed to show that he has exhausted Grounds Two through Four of the Petition, and he has also failed to show that either exhaustion exception applies. Given the apparent exhaustion of Ground One, the Court concludes that the Petition is a "mixed" petition containing both exhausted and unexhausted claims.

### C.   Handling of Mixed Petitions

The next issue, then, is how to handle a mixed petition. Federal district courts "may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." *Rhines v. Weber*, 544 U.S. 269, 273 (2005) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)); *accord* 28 U.S.C. § 2254(b). A court in this District has described the resulting options as follows:

> Petitioners generally may proceed one of three ways after submitting a mixed habeas corpus petition. First, the petitioner may voluntarily dismiss the mixed petition as a whole, present any unexhausted claims in the state courts, and then (if necessary) return to federal court with his habeas petition. This approach has one advantage—the petitioner may prosecute all of his claims in federal habeas proceedings—but two disadvantages: the petitioner is delayed from seeking federal habeas relief on any of his claims during the pendency of the state court postconviction proceedings, and tardiness either in prosecuting the state-court proceedings or in reinitiating federal habeas corpus proceedings could result in the petitioner running afoul of the limitations period for federal habeas petitions. Second, the petitioner may voluntarily dismiss any unexhausted claims from his federal habeas corpus petition and proceed immediately in federal court, but only on the exhausted claims. This alleviates concerns about delay and the limitations period, but comes with a catch: Under 28 U.S.C. § 2244(b), habeas corpus petitioners are greatly restricted in their ability to bring "second or successive" petitions, and thus any claims voluntarily dismissed from a first petition probably cannot be resuscitated in a second petition after the claims in the first petition are adjudicated on the merits. Third, the

> petitioner may request that the federal habeas case be stayed while postconviction proceedings on the unexhausted claims are prosecuted [in] the state courts. Such stays are "available only in limited circumstances," however, and are "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."

*Wille v. Knutson*, No. 18-CV-2069 (WMW/BRT), 2018 WL 6520654, at *1 (D. Minn. Sept. 20, 2018) (citations omitted).

Neither the Petition nor the Show-Cause Responses suggest that it would be proper for the Court to impose a *Rhines* stay at this time. This leaves Traylor two options: (1) proceed only with Ground One at this time; or (2) dismiss this action voluntarily without prejudice, exhaust Grounds Two through Four in state court, and (if necessary) return to federal court after Minnesota courts adjudicate them. Traylor must inform the Court of his decision **within 21 days of this Order's date**, failing which the Court will dismiss the Petition without prejudice as a "mixed" petition.

[Continued on next page.]

## ORDER

Based upon the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Petitioner Raymond Joseph Traylor's motion seeking the appointment of counsel [ECF No. 6] is **DENIED**.

2. **Within 21 days of this Order's date**, Traylor must submit a document to the Court indicating whether he will (1) proceed only with Ground One at this time; or (2) dismiss this action voluntarily without prejudice, exhaust Grounds Two through Four in state court, and (if necessary) return to federal court after Minnesota courts adjudicate them. If Traylor fails to select explicitly either option, this Court will recommend dismissing this action without prejudice as a "mixed" petition.

Dated: June  27 , 2022

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*Traylor v. Pugh*
Case No. 22-cv-1266 (NEB/TNL)